UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

YOSVANY ORTA                                          CASE NO. 20-13553-LMI

                                                                                                     CHAPTER 7

Debtor.

_____/

## MOTION TO COMPEL LENDER NEWREZ LLC TO REPORT PAYMENT HISTORY TO THE CREDIT BUREAUS AND MOTION FOR ATTORNEY'S FEES

COMES NOW, Yosvany Orta, Debtor, by and through undersigned counsel, and respectfully moves this Court for an order compelling Newrez LLC to report the Debtor's mortgage payment history to the credit bureaus and awarding attorney's fees incurred in connection with this motion.

## Introduction

This motion seeks relief for the Debtor, Yosvany Orta, who has consistently made timely mortgage payments to Newrez LLC following the filing and discharge of his Chapter 7 bankruptcy. Despite repeated requests and the closure of the bankruptcy case, the lender has refused to report the Debtor's payment history to the credit bureaus, adversely affecting the Debtor's ability to refinance his property. The Debtor now requests that the Court compel the lender to report the payment history and award attorney's fees for the costs incurred in pursuing this relief.

## Background and Factual Allegations

1. On March 16, 2020, the Debtor filed for Chapter 7 bankruptcy relief in the Southern District of Florida, listing Caliber Home Loans who transferred the loan to Newrez LLC as a secured creditor on Schedule D of his petition.

2. The Debtor indicated his intention to reaffirm the mortgage debt with Caliber Home Loans and, throughout the bankruptcy process and thereafter, continued to make timely payments on the loan.

3. Counsel for the Debtor contacted Caliber Home Loans to request a reaffirmation agreement, but the lender declined, stating it does not provide reaffirmations.

4. The Chapter 7 Trustee filed a report of no distribution on June 3, 2020, and the Debtor received a discharge on July 20, 2020. The case was closed on August 12, 2020.

5. After discharge, the Debtor attempted to refinance his property but was denied due to the absence of a reported payment history on the mortgage. The lender informed the Debtor that, because of the bankruptcy, it would not report payments, even after being provided proof of discharge and case closure.

6. The Debtor made multiple requests for reporting, particularly during a period of historically low interest rates in 2022, but the lender continued to refuse, preventing the Debtor from refinancing and resulting in significant financial loss.

7. On February 19, 2025, the Debtor filed a motion to reopen the bankruptcy case to address this issue, but has received no response from the lender or its agents.

8. The Debtor has incurred legal costs in pursuing this relief and now seeks an order compelling the lender to report the payment history and awarding attorney's fees.

**Legal Standard and Argument**

I. Authority to Compel Reporting of Payment History

Bankruptcy courts possess broad equitable powers under 11 U.S.C. § 105(a) to issue orders necessary to carry out the provisions of the Bankruptcy Code. These powers include the authority to remedy conduct by creditors that frustrates the debtor's fresh start or impedes the administration of the bankruptcy estate. Here, the Debtor seeks an order compelling Newrez LLC to report his

post-petition, post-discharge mortgage payment history to the credit bureaus, as the lender's refusal has directly impaired the Debtor's ability to refinance and benefit from favorable market conditions.

## II. Lender's Refusal to Report Payment History Is Unjustified

Timely Payments and Case Closure: The Debtor has made all mortgage payments on time both during and after the bankruptcy case. The case was closed following discharge, and the lender was provided with proof of discharge and closure. There is no legal or contractual basis for the lender's continued refusal to report payment history after the bankruptcy case concluded.

Impact on Debtor's Credit and Financial Opportunities: The lender's refusal to report has resulted in the Debtor being unable to refinance his property, particularly during a period of historically low interest rates. This has caused substantial financial harm, as the Debtor was denied access to more favorable loan terms solely due to the absence of reported payment history.

No Prohibition on Post-Discharge Reporting: While some lenders may refrain from reporting payment history during the pendency of a bankruptcy case, there is no statutory or regulatory prohibition against reporting accurate payment history after discharge and case closure. The lender's continued refusal is not supported by law and serves only to penalize the Debtor for exercising his bankruptcy rights.

## III. Equitable Grounds for Relief

The Bankruptcy Code is designed to provide debtors with a fresh start. The lender's conduct undermines this purpose by preventing the Debtor from rebuilding his credit and accessing financial opportunities available to other consumers. Courts routinely exercise their equitable powers to prevent creditors from taking actions that frustrate the rehabilitative goals of bankruptcy.

## IV. Entitlement to Attorney's Fees

The Debtor has been forced to incur attorney's fees to seek relief from the Court due to the lender's unreasonable and unsupported refusal to report payment history. Under the Court's

equitable powers and applicable law, the Debtor is entitled to recover reasonable attorney's fees incurred in connection with this motion.

**Request for Relief**

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

Compelling Newrez LLC to report the Debtor's post-petition and post-discharge mortgage payment history to the credit bureaus;

Awarding the Debtor reasonable attorney's fees and costs incurred in connection with this motion; and

Granting such other and further relief as the Court deems just and proper.

**Conclusion**

For the reasons set forth above, the Debtor respectfully submits that the relief requested is warranted and necessary to protect his rights and restore his ability to access fair credit opportunities. The Debtor has acted in good faith throughout these proceedings and seeks only to ensure that accurate payment history is reported as required by law and equity. Granting this motion will serve the interests of justice and uphold the rehabilitative purpose of the Bankruptcy Code.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court outlined in Local Rule 2090-1(A) and that a true and correct copy of this motion to reopen case was sent to Office of the US Trustee and Joel L. Tabas, Chapter 7 Trustee, and all others outlined in the NEF, this 12th day September 2025. This motion and an upcoming notice of hearing will be served on a separate Certificate of Service via email to those outlined in the NEF and by regular mail to all creditors.

Respectfully Submitted,
/s/ Kathy L. Houston
Kathy L. Houston, Esq.
Florida Bar No. 56042
15321 S. Dixie Highway, Suite 206

Miami, Florida 33157
T. 305-420-6609 or 786-360-6733
courtdocs@houstonlawfl.com